STATE OF NORTH CAROLINA v. DAVID STEVIE LEONARD

No. 8422SC681

(Filed 7 May 1985)

**1. Criminal Law § 98— failure of defense witness to appear—mistrial denied**

There was no abuse of discretion in the denial of defendant's motion for a mistrial, which was based on the failure of one of his witnesses to appear, where the witness would have been used in an improper attempt to impeach a testifying codefendant on a collateral matter. G.S. 15A-261.

**2. Robbery § 4.6— armed robbery—evidence sufficient**

Defendant's motions to dismiss and for appropriate relief on an armed robbery charge were properly denied where the evidence, viewed in the light most favorable to the State, was that defendant, his brother, and an accomplice each held a firearm, threatened the victim, tied him up, and stole his money. The unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the accused.

**3. Burglary and Unlawful Breakings § 5.2— breaking during nighttime—sufficiency of evidence**

There was sufficient evidence that an unauthorized entry occurred during the nighttime where the victim testified that it was dark in his room and dark outside when the men entered his bedroom, and an accomplice testified that they arrived at the victim's house at 9:10 p.m. and waited outside until the victim turned the light off.

**4. Criminal Law § 86.10— corroboration of accomplice—no prejudice**

In a prosecution for first-degree burglary and armed robbery, defendant was not prejudiced when the prosecutor questioned an officer about whether a testifying accomplice had given evidence about other break-ins. Defendant's objections were sustained, no limiting instruction was requested, and defendant did not show that he was prejudiced in any way.

APPEAL by defendant from *Albright, Judge*. Judgment entered 15 February 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 14 February 1985.

Defendant was charged in bills of indictment, proper in form, with first degree burglary and armed robbery.

The evidence for the State tended to show the following. Julius Zeb Hege testified that on 27 July 1980 he had gone to bed at 8:00 p.m. and was awakened by three men who were standing in his bedroom, wearing ski masks and holding weapons. The men demanded money. At gunpoint they forced Hege into the kitchen, took one hundred and fifty dollars, and tied Hege up. They threatened to kill Hege's daughter if he did not give them more money. Hege told them where he had two hundred dollars in his bedroom. The three men threatened to kill Hege, searched the house, took Hege's wife's jewelry and left.

Tony Walser, who had confessed that he was involved in the robbery, testified that he, defendant and defendant's brother went to Hege's house at about 9:10 p.m. with two pistols and a sawed-off shotgun. Defendant was holding the shotgun. Walser's version of the robbery essentially corroborated Hege's testimony.

Lieutenant David Hege and Captain Bill Nail from the Sheriff's Department testified that no fingerprints were found at the scene of the crime. The only physical evidence found was a piece of the tape used to tie up the victim. There were no leads on the robbery until Walser confessed.

Defendant did not testify.

Defendant was found guilty of first degree burglary and armed robbery and received two consecutive sentences of twenty-five years. From this judgment defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Robert R. Reilly for the State.*

*Sherrill and Sherrill by Carlyle Sherrill for defendant-appellant.*

PARKER, Judge.

[1] Defendant's first assignment of error is that the trial court erred in denying his motion for a mistrial when one of his witnesses, James Garrison, failed to appear. Garrison was served with a subpoena on 10 February 1984 to appear at defendant's trial on 13 February 1984. The trial judge adjourned court at

noon until 2:00 p.m. and allowed defendant additional time to find Garrison. The court issued a subpoena and an order to show cause for failure of Garrison to appear and testify in obedience to a duly served subpoena. Deputy Sheriff Mike Fritts attempted to serve the show cause order. Fritts testified that he went to Garrison's house, and Garrison's father said Garrison had come by approximately a week earlier, picked up his clothes and left. Garrison's father did not know where Garrison was. Sherry Koontz, a probation officer, testified that Garrison was on probation and had last been seen by the probation department on 3 February 1984.

Defendant moved for a mistrial contending Garrison was a material witness and his testimony would tend to impeach Walser's testimony. After hearing statements from the State and defendant, the trial judge made the following findings:

> 1. The witness Garrison is not an alibi witness and the defendant has present in open Court a separate witness as to the alibi issue.

> 2. The purported testimony of Garrison, even if the witness was present, would be testimony tending to impeach the testimony of the State's witness Walser, and the purported testimony of the witness Garrison does not relate to the guilt or innocence question on the present charges, and does not tend to represent substantive evidence on those issues.

> 3. The history of this case heretofore shows that at a previous session of Court this case was continued after a jury had been selected but before the jury was empanelled because a defense witness was not available; thus, this latest witness dilemma is not a new occurrence in the history of this case.

> 4. The last known person to see this witness was the defendant himself on Sat. night, Feb. 11, 1984 when the witness came to the defendant's home at approximately 10 P.M. and no other identified person has seen the witness since.

> ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED that the motion for mistrial be and the same is hereby denied.

It is ordered further that the trial continue.

After his motion for a mistrial was denied, defendant stated that he would not call his other witnesses who were present in the courtroom.

A mistrial must be declared upon a defendant's motion "if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." G.S. 15A-1061. Whether a motion for mistrial should be granted is a matter which rests in the sound discretion of the trial judge, and allowance of the motion is appropriate only when there are such serious improprieties as would make it impossible for defendant to have a fair and impartial verdict under the law. *State v. Calloway*, 305 N.C. 747, 291 S.E. 2d 622 (1982). The trial judge's ruling on the motion will not be disturbed on appeal absent a gross abuse of discretion. *State v. Allen*, 50 N.C. App. 173, 272 S.E. 2d 785 (1980), *appeal dismissed* 302 N.C. 399, 279 S.E. 2d 353 (1981).

According to defendant's counsel, Garrison would have testified that Walser had previously tried to implicate him in another breaking or entering charge, and the charge had been dismissed. At trial Walser testified that he had not made any statements concerning Garrison while in the Ashe County jail; Garrison's testimony would have been offered to contradict this. An attempt to impeach Walser on a collateral matter by the use of extrinsic testimony would have been improper. *State v. Dawson*, 302 N.C. 581, 276 S.E. 2d 348 (1981); 1 Brandis on North Carolina Evidence § 48 (2d ed. 1982). We find no abuse of discretion in the trial court's denial of defendant's motion for a mistrial. This assignment of error is overruled.

[2] In his second assignment of error defendant argues that the trial court erred in denying his motion to dismiss and motion for appropriate relief on the armed robbery charge. Defendant challenged the sufficiency of the State's evidence by moving to dismiss at the close of the State's evidence and moving for appropriate relief for insufficiency of the evidence pursuant to G.S. 15A-1414(b)(1)(c).

On a motion to dismiss, the evidence is to be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978).

The elements of the offense of armed robbery under G.S. 14-87 are the unlawful taking or attempt to take personal property from the person or in the presence of another by use or threatened use of a firearm or other dangerous weapon where the life of a person is endangered or threatened. *State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760 (1982).

Defendant's motion to dismiss is properly denied if there is substantial evidence of each essential element of the offense charged and that defendant committed the offense. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). Substantial evidence is evidence that is existing and real, not just seeming or imaginary. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Or, put another way, substantial evidence is the amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Corbett*, 307 N.C. 169, 297 S.E. 2d 553 (1982).

The evidence, viewed in the light most favorable to the State, was, in summary, that defendant, his brother and Walser, each held a firearm, threatened Hege, tied him up, and stole his money. Defendant argues that Walser's testimony, which is the only evidence linking defendant to the crime, should not be considered substantial evidence because he was an accomplice; he was serving time for over twenty breaking or entering and larceny convictions; and he was charged, but not yet tried, for several other offenses. We do not agree. The unsupported testimony of an accomplice should be received by the jury with caution, but is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the accused. *State v. Tilley*, 239 N.C. 245, 79 S.E. 2d 473 (1954). The fact that the accomplice's testimony is induced by a promise of leniency goes only to his credibility as a witness. *State v. Taylor*, 289 N.C. 223, 221 S.E. 2d 359 (1976). Walser was a competent witness, his testimony provided substantial evidence which tended to support the State's case, and his credibility was for the jury to determine. Upon a complete review of the evidence in the record, we find

that the State offered substantial evidence on every element of the offense charged.

[3] In his next assignment of error defendant argues that the trial court erred by denying his motion to dismiss and motion for appropriate relief for insufficiency of the evidence on the first degree burglary charge.

Defendant contends that the State did not present substantial evidence that the unauthorized entry into Hege's residence was during the nighttime. To support the charge of first degree burglary, the State must present substantial evidence that there was a breaking and entering during the nighttime of an occupied dwelling or sleeping apartment with intent to commit a felony. *State v. Person*, 298 N.C. 765, 259 S.E. 2d 867 (1979). There is no statutory definition of nighttime in North Carolina. *State v. Frank*, 284 N.C. 137, 200 S.E. 2d 169 (1973). "The law considers it to be nighttime when it is so dark that a man's face cannot be identified except by artificial light or moonlight." *Id.*, 284 N.C. at 145, 200 S.E. 2d at 175. *See State v. Garrison*, 294 N.C. 270, 240 S.E. 2d 377 (1978). Hege testified that it was dark in his room and dark outside when the men entered his bedroom. Walser testified that when they arrived at Hege's residence, it was about 9:10 p.m., and they waited outside until Hege turned the light out. Viewed in the light most favorable to the State, there was substantial evidence that the unauthorized entry was during the nighttime. The trial judge properly denied defendant's motions.

[4] In his last assignment of error defendant argues that he was prejudiced by the improper questions the District Attorney asked Lieutenant Hege of the Sheriff's Department.

Q. [District Attorney]: Beside the Hege robbery, did Mr. Walser give you any information on other robberies or any other crimes?

A. [Lt. Hege]: Yes, sir.

Q. Probably how many?

A. Approximately twenty some breaking, enterings and larcenies in Davidson County.

Q. Did he provide you with names of other individuals involved in those?

A. Yes, sir.

Q. Have those individuals been charged with those crimes?

A. Yes, sir.

Q. What if anything happened to those cases at this time to your knowledge?

OBJECTION: SUSTAINED.

Q. The information Mr. Walser gave you on other crimes, has it proved to be accurate or inaccurate?

OBJECTION: SUSTAINED.

Defendant's objections were sustained, no limiting instruction was requested, and defendant has not shown that he was prejudiced in any way. This assignment of error is overruled.

We have carefully considered all assignments of error brought forward and find

No error.

Judges ARNOLD and EAGLES concur.