STATE OF NORTH CAROLINA v. EUGENE WATTS, JR.

No. 8419SC1202

(Filed 17 September 1985)

**Burglary and Unlawful Breakings § 5.8— burglary of residence—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss a charge of first degree burglary for insufficient evidence where the victim was living in a dwelling house without paying rent to protect it and its contents for its owners; the evidence did not show that the owner did not consent to entry; and defendant entered through an unlocked door. A structure does not lose its status as a dwelling house because it is occupied by someone other than the owner; it is not necessary to show non-consent by the owner when the

premises are occupied by another; and the mere pushing or pulling open of an unlocked door, even in the slightest degree, constitutes a breaking.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered in CABARRUS County Superior Court 12 July 1984. Heard in the Court of Appeals 27 August 1985.

Defendant was charged in a proper indictment with first degree burglary. At trial, the State's evidence tended to show the following events and circumstances. On 12 December 1983, Timothy Williams was the sole occupant of a residence at 52 Bell Street in Concord. At about 7:00 p.m., Williams was cooking in the kitchen when he observed the door leading from the kitchen to a screened-in back porch "ease" open. Williams immediately went to the adjacent hallway, obtained a shotgun, and returned to the hall door which led to the porch. Through the glass portion of the hall door, Williams observed two black males; he immediately pursued the men. As the men fled, Williams shot one of them in the back. After going into the house for more shotgun shells, Williams returned to the yard but saw no one.

Later the same night, Officer Hatley of the Concord police found defendant at the emergency room of Cabarrus Memorial Hospital. Medical personnel removed shotgun pellets from defendant's buttocks and legs. The pellets were the same type fired by Williams. Defendant was arrested and gave a statement implicating Harold Bost.

Bost, a witness for the State, testified that he and Williams went to the house at 52 Bell Street on the night in question after defendant had told Bost they could break in the house and get some guns and stereo equipment. Bost and defendant went onto the porch, where defendant kicked "the door." When Williams came out with a gun, Bost and defendant ran away and Bost hid under a nearby house. About half an hour later defendant told Bost that defendant had been shot. Defendant went to the hospital against Bost's advice.

Defendant testified to the effect that he and Bost, who lived next door to 52 Bell Street, went to those premises, where Bost went on the porch while defendant remained in the yard. When Bost ran in defendant's direction saying a man had a gun, both ran away, and defendant was shot. Later, at defendant's house,

Bost told defendant's wife that defendant had nothing to do with the break-in.

From a sentence of imprisonment entered on the jury's verdict of guilty, defendant has appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General George W. Boylan for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Geoffrey C. Mangum for defendant appellant.*

WELLS, Judge.

Defendant assigns error to the trial court's denial of his motion to dismiss for insufficiency of the evidence. The constituent elements of first degree burglary are the breaking and entering in the nighttime into a dwelling house or a room used as a sleeping apartment which is occupied at the time of the offense with the intent to commit a felony therein. *State v. Person,* 298 N.C. 765, 259 S.E. 2d 867 (1979). There was sufficient evidence in this case to allow the jury to find each of these elements.

Under this assignment, defendant first contends that the State failed to prove that the structure at 52 Bell Street was a dwelling house, relying principally upon *State v. Potts,* 75 N.C. 129 (1876), which held that a building occupied by a watchman for the sole purpose of keeping guard on property contained therein was not a dwelling. The case at bar is clearly distinguishable. The State's evidence showed that Timothy Williams was living in a dwelling house at 52 Bell Street. The facts that Williams was not paying rent and that he was living in the house to protect it and its contents for its owners do not negate the evidence which clearly showed that the structure was a dwelling house. A structure does not lose its status as a dwelling house because it is being occupied by someone other than the owner. *See State v. Beaver,* 291 N.C. 137, 229 S.E. 2d 179 (1976).

Defendant next contends that the State failed to prove lack of consent to entry, because the evidence failed to show that the owner of the structure did not consent to defendant's entry. Defendant concedes that Williams did not consent to defendant's entry. While consent to entry by the owner of a dwelling house constitutes a defense to burglary, *State v. Thompson,* 59 N.C.

App. 425, 297 S.E. 2d 177, *disc. rev. denied*, 307 N.C. 582, 299 S.E. 2d 650 (1983), in order to convict a person of burglary it is not necessary to show non-consent by the owner when the premises are occupied by another, but only non-consent by the occupant. *State v. Beaver, supra.*

Defendant next contends that the State's evidence did not prove a breaking or entering. It is well established that the mere pushing or pulling open of an unlocked door, even in the slightest degree, constitutes a breaking. *See State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524 (1976); *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967). The evidence in this case shows clearly that defendant entered through an unlocked door onto the porch of the house. This was sufficient to show a breaking and an entering.

Under another assignment of error, defendant contends that the trial court erred in failing to submit to the jury the lesser included offense of felonious breaking and entering, because the evidence was in conflict on the issue of dwelling house status and the issue of whether defendant both broke and entered the house. We have resolved these issues against defendant, and this assignment is therefore overruled.

Defendant next contends that the trial court committed "plain error" in failing to submit the lesser included offense of attempted burglary.[1] Again, defendant relies on an asserted conflict in the evidence as to whether there was an entry. Having resolved this issue against defendant, we overrule this assignment of error.

No error.

Judges WHICHARD and PHILLIPS concur.

---

1. Defendant did not request an instruction as to this lesser included offense, nor object at trial to the trial court's failure to give such an instruction.