STATE OF NORTH CAROLINA v. GEORGE LEE FORTNER

No. 8830SC995

(Filed 16 May 1989)

1. **Criminal Law § 75.8— statements made to SBI agent—warning given before resumption of interrogation—statement admissible**

     The trial court did not err in admitting into evidence statements made by defendant to an SBI agent after defendant had expressed to the sheriff a desire not to answer further questions since defendant was advised of his constitutional rights before each interrogation and affirmatively indicated he understood them; when defendant told the sheriff that he did not want to answer further questions, the sheriff immediately ceased his interrogation; several hours later the SBI agent began his questioning but only after advising defendant of his rights and obtaining defendant's signature on a waiver form; and the statement made by defendant to the SBI agent was exculpatory.

2. **Homicide § 21.7— second degree murder—sufficiency of evidence**

     Evidence was sufficient to be submitted to the jury in a prosecution for homicide where it tended to show that defendant admitted that he shot the victim; the victim was killed with a handgun, and just prior to and immediately after the shooting, defendant's wife saw a holstered handgun lying on the kitchen table where the victim had been sitting; no knife, other than two closed pocketknives found in the victim's pants pocket, was found on or near the victim's body; and defendant

and the victim were the only known occupants of defendant's apartment when the gunshots were fired.

APPEAL by defendant from *Burroughs (Robert M.), Judge.* Judgment entered 17 March 1988 in Superior Court, SWAIN County. Heard in the Court of Appeals 11 April 1989.

Defendant was charged with the 26 September 1987 shooting death of John Shannon (Shannon). A trial was held during the 14 March 1988 Criminal Session of Superior Court in Swain County at the conclusion of which defendant was found guilty of second degree murder. From a judgment imposing a twenty year active sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John H. Watters, for the State.*

*Smith & Queen, by Frank G. Queen, for defendant-appellant.*

LEWIS, Judge.

Defendant brings forward two assignments of error. He first asserts that the trial court committed prejudicial error in admitting into evidence statements made by defendant to a State Bureau of Investigation (SBI) agent after defendant had expressed a desire not to answer questions. Second, defendant contends the court erroneously submitted the case to the jury in that there was insufficient evidence that defendant committed the crime charged.

[1] The statement to which defendant objects was made during an interview session with SBI agent Tim Shook (Shook) in the early morning hours of 27 September 1987. At that time defendant was under arrest and incarcerated in the Swain County jail. Several hours earlier, defendant had made an unsolicited admission in front of law enforcement personnel that he shot Shannon, and shortly thereafter, under questioning, he made inculpatory statements to Sheriff Ray Kline (Kline) and Deputy Sheriff Mitchell Jenkins (Jenkins) that he had shot Shannon after Shannon had insulted defendant's father and threatened defendant with a knife and that he had thrown the gun into the river. After this statement, defendant told Kline he did not want to answer further questions. Kline immediately ceased his questions.

Shook testified at trial that although he talked to Kline before he questioned defendant, he was not advised that defendant had

previously told Kline he did not wish to answer any more questions. Shook further testified that prior to questioning defendant, he advised defendant of his constitutional rights and made sure defendant understood these rights. Shook also obtained defendant's signature on a waiver of rights form. Defendant then told Shook that he was asleep in the bedroom when Shannon was shot and that he did not remember anything. Defendant stated that his earlier statement to Kline was made in an effort to have his bond reduced.

Defendant argues that his Fifth Amendment right to remain silent was violated when Shook initiated questioning after defendant had previously expressed to Kline his desire not to answer further questions and that the statement made to Shook should have been excluded. We do not agree.

The United States Supreme Court stated in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966):

> If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise.

*Id.* at 473-74, 16 L.Ed. 2d at 723, 86 S.Ct. at 1627-28. However, in a subsequent case, *Michigan v. Mosley*, 423 U.S. 96, 46 L.Ed. 2d 313, 96 S.Ct. 321 (1975), the Supreme Court held that such prohibition against continued questioning did not mean that the police may never interrogate a person once that person invokes the right to remain silent. Whether a statement obtained after a suspect has expressed a desire not to answer further questions is admissible depends on whether his right to cut off further questioning "was scrupulously honored." *Id.* at 104, 46 L.Ed. 2d at 321, 96 S.Ct. at 326. In applying the Supreme Court's admonitions in *Miranda* and *Mosley*, our Supreme Court in *State v. Temple*, 302 N.C. 1, 273 S.E. 2d 273 (1981), held that a defendant's constitutional rights were not violated when police continued to question him after he indicated he did not want to answer any more questions. In that case, the court noted that each time the defendant said he did not wish to answer further questions the police immediately ceased interrogation for some period of time, that defendant had repeatedly been advised of his rights, and that prior to

his "confession" defendant indicated that he understood his rights and voluntarily and affirmatively waived them.

Here, the evidence reveals that before each interrogation session defendant was advised of his constitutional rights and affirmatively indicated he understood them and that when defendant told Kline he did not want to answer further questions, Kline immediately ceased his interrogation. Several hours later Shook began his questioning but only after advising defendant of his rights and obtaining defendant's signature on a waiver form. Finally, we note that contrary to the confession elicited from the defendant in *Temple*, the statement made by defendant to Shook was exculpatory in nature. Defendant's argument is without merit.

[2]   Also without merit is defendant's second contention that the trial court erred in not granting his motion to dismiss for lack of sufficient evidence. A motion to dismiss is properly denied if there is substantial evidence as to each and every element of the crime charged and that defendant committed it. *State v. Leonard*, 74 N.C. App. 443, 328 S.E. 2d 593, *disc. rev. denied*, 314 N.C. 120, 332 S.E. 2d 487 (1985). " ' "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Cummings*, 46 N.C. App. 680, 683, 265 S.E. 2d 923, 925, *aff'd*, 301 N.C. 374, 271 S.E. 2d 277 (1980), *quoting Comr. of Insurance v. Rating Bureau*, 292 N.C. 70, 80, 231 S.E. 2d 882, 888 (1977). This evidence must also be viewed in the light most favorable to the State and given every favorable inference. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

In the case before us, aside from defendant's own admissions to the police that he shot Shannon, the State's evidence tended to show that 1) Shannon was killed with a gun, 9 mm. caliber or larger (not a rifle), 2) just prior to and immediately after the shooting defendant's wife saw a holstered handgun lying on the kitchen table where Shannon had been sitting, 3) no knife, other than two closed pocketknives found in Shannon's pants' pocket, was found on or near Shannon's body and 4) defendant and Shannon were the only known occupants of defendant's apartment when the gunshots were fired. Taking these facts in the light most favorable to the State and assigning them every favorable inference, we are of the opinion that there was sufficient evidence to submit this case to the jury. Defendant's assignment is overruled.

For the foregoing reasons we hold defendant had a trial free from prejudicial error.

No error.

Judges ARNOLD and GREENE concur.