STATE OF NORTH CAROLINA v. WAYNE ANTONE CLARK

No. COA99-156

(Filed 21 March 2000)

**1. Drugs— trafficking in marijuana—controlled delivery— doctrine of constructive possession does not apply**

In a case where the police intercepted a package, opened it pursuant to a warrant, and removed most of the twelve and one-half pounds of marijuana so that it would not be lost when the police undertook a controlled delivery of .13 kilograms of marijuana, the trial court erred in denying defendant's motion to dismiss the charge of trafficking in marijuana by possession at the conclusion of the State's case in chief, based on the defense that defendant never possessed ten pounds of marijuana as required by N.C.G.S. § 90-95(h), because the doctrine of constructive possession does not apply since: (1) there is no evidence as to the actual source of the drugs; and (2) there is no evidence defendant

ever had the capability to exercise dominion and control over the original package.

**2. Drugs— conspiracy—trafficking in marijuana—sufficiency of evidence**

In a case where the police intercepted a package, opened it pursuant to a warrant, and removed most of the twelve and one-half pounds of marijuana so that it would not be lost when the police undertook a controlled delivery of .13 kilograms of marijuana, the trial court did not err in failing to dismiss the charge of conspiracy to traffic in excess of ten pounds of marijuana because: (1) defendant and his accomplice waited together in the area of the false address to take possession of a package bearing no return address; (2) defendant and his accomplice exhibited approach-avoidance behavior consistent with a desire to obtain the package coupled with knowledge that taking possession would be dangerous; and (3) even if the package contained no drugs, its delivery would still constitute evidence to support the charges of conspiracy.

**3. Drugs— trafficking in marijuana—attempt—lesser included offense**

Although defendant's conviction of trafficking in marijuana by possession is reversed, attempt to traffic in marijuana by possession in a lesser-included offense of trafficking in marijuana by possession, and therefore, upon remand the trial court shall enter judgment upon a conviction of attempt to traffic in marijuana by possession.

Appeal by defendant from judgments entered 13 August 1998 by Judge Julius A. Rousseau, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 4 January 2000.

*Michael F. Easley, Attorney General, by Anna K. Baird, Assistant Attorney General, for the State.*

*Nils E. Gerber for defendant-appellant.*

EDMUNDS, Judge.

Defendant Wayne Antone Clark appeals his convictions of trafficking in marijuana and conspiracy to traffic in marijuana. We reverse the trafficking conviction and find no error in the conspiracy conviction.

The investigation began when representatives of United Parcel Service (UPS) contacted Officer Sanders of the Greensboro Police Department, Narcotics Division, to investigate a package. A number of factors aroused Officer Sanders' suspicions that the package might contain controlled substances. The parcel had been sent from southern California, an area known to be a source of drugs; the label was handwritten and lacked a return address; and the package had been shipped to a "Tisha Wilson" at an address that consisted of uninhabited apartments still under construction. After obtaining a search warrant, Officer Sanders opened the package and found twelve and one-half pounds of marijuana hidden inside a television set. He removed all but .13 kilograms of marijuana from its hiding place then resealed the package to conduct a controlled delivery.

Officer Sanders donned a UPS driver's uniform and drove a UPS truck to the vicinity of the address written on the package. As he pulled into the area, he noticed two men in a burgundy car watching him. Officer Sanders approached several residents of an apartment complex located near the delivery address. Defendant stared at Officer Sanders from the breezeway of the building but did not approach. The officer returned to the UPS truck and drove out of the complex. The burgundy automobile was five or six car lengths ahead of Officer Sanders, heading in the same direction. Defendant was driving the burgundy car and the second man, later identified as Mr. Junne, was in the passenger seat. When Officer Sanders pulled into the parking lot of a NAPA dealership, defendant turned his car around and parked in an adjacent lot. Officer Sanders entered the store to feign delivery of a package. When he emerged, an individual asked for directions. During the ensuing conversation, Mr. Junne approached and paced in the vicinity of Officer Sanders and the stranger. However, Officer Sanders' directions became rather lengthy, and Mr. Junne returned to the burgundy automobile.

When Officer Sanders drove out of the NAPA dealership lot, defendant's car again preceded him, and when the officer turned into the parking lot of an Ace Hardware dealership, defendant made a U-turn and parked in a nearby restaurant parking lot. Mr. Junne approached Officer Sanders, asked for the package addressed to "Tisha Wilson," and showed him the tracking number for the package. Mr. Junne signed for the package, took possession of it, and returned to the burgundy car. Before he could put the package in the trunk, the police arrested both defendant and Mr. Junne.

**STATE v. CLARK**

[137 N.C. App. 90 (2000)]

At trial, a jury found defendant guilty of felonious trafficking in marijuana and conspiracy to traffic in marijuana. He was sentenced to concurrent terms of not less than twenty-five months and not more than thirty months.

I.

[1] Defendant first contends the trial court erred in denying his motion to dismiss the charge of trafficking in marijuana at the conclusion of the State's case in chief. The indictment charged trafficking in marijuana by possession, in that "the defendant, Wayne Antone Clarke [sic] unlawfully, willfully and feloniously did possess more than ten (10) pounds of marijuana, a substance included in Schedule VI of the North Carolina Controlled Substances Act," in violation of N.C. Gen. Stat. § 90-95(h) (1999). Defendant argues that he never possessed ten pounds of marijuana; therefore, he cannot be guilty of the offense charged.

The uncontested evidence is that the police intercepted the package, opened it pursuant to a warrant, prudently removed most of the marijuana lest it be lost if the operation did not unfold as planned, then undertook a controlled delivery of .13 kilograms of marijuana, an amount substantially less than ten pounds. Therefore, no matter how nefarious defendant's intent, the actions of the police made it impossible for him actually to possess the quantity of marijuana required for a trafficking conviction.

The State contends that defendant is guilty of constructive possession of over ten pounds of marijuana.

> It is well established in North Carolina that possession of a controlled substance may be either actual or constructive. A person is said to have constructive possession when he, without actual physical possession of a controlled substance, has both the intent and the capability to maintain dominion and control over it.

*State v. Jackson*, 103 N.C. App. 239, 243, 405 S.E.2d 354, 357 (1991) (internal citations omitted), *aff'd*, 331 N.C. 113, 413 S.E.2d 798 (1992).

> Numerous cases have considered this doctrine. No single factor controls. Constructive possession has been found when the narcotics were (1) on property in which the defendant had some exclusive possessory interest and there is evidence of his or her presence on the property; (2) on property of which defendant,

although not an owner, had sole or joint physical custody; or (3) in an area which the defendant frequented, usually near his or her property.

*State v. Baize*, 71 N.C. App. 521, 529, 323 S.E.2d 36, 41 (1984) (internal citations omitted).

Because the cases reviewed in *Baize* dealt with controlled substances that were already "on the street" when first detected, they provide only general guidance. We have found few North Carolina cases with facts closely analogous to the facts in the case at bar and no cases that directly address the specific issue raised by defendant. In *State v. Rosario*, 93 N.C. App. 627, 379 S.E.2d 434 (1989), the defendant and others discussed obtaining a kilogram of cocaine. One of the co-conspirators traveled to Florida, purchased the cocaine, and was apprehended returning to North Carolina. He agreed to cooperate. Police investigators substituted 900 grams of powder, of which two percent was cocaine, for the original kilogram, and the co-conspirator delivered the package to the defendant. During a subsequent search of the defendant's premises, officers recovered the package from a garbage can where the defendant had placed it when he heard police were in the area. Police also found other cocaine and drug-related paraphernalia during the search.

The defendant was charged with trafficking in cocaine by possession of at least 400 grams, based upon the package delivered by the cooperating co-defendant, and with trafficking in cocaine by possession of at least twenty-eight but less than 200 grams, based upon the other cocaine found at the scene. The defendant claimed that the trafficking charge for the larger amount should have been dismissed because the cocaine was provided to him by law enforcement officers. We held that, unlike stolen merchandise, which loses its "stolen" character upon being recovered by police, a controlled substance retains its identity as a controlled substance even when lawfully possessed. Therefore, although the officers lawfully possessed the cocaine pursuant to N.C. Gen. Stat. § 90-101(c)(5) (1999), the defendant's subsequent possession was unlawful. *See Rosario*, 93 N.C. App. at 634, 379 S.E.2d at 438. The defendant then argued that there was insufficient evidence of constructive possession of the delivered package of cocaine and of the smaller bags of cocaine on which the lesser trafficking charge was based. We noted that the defendant received the delivered package from a co-conspirator, placed it in a freezer, then moved it to a garbage can when warned that police were in the vicinity. The smaller bags were found between the mattresses

of a bed used by an inhabitant of the house, and a witness testified that she had seen the defendant sell cocaine in the house on numerous occasions and use the drug paraphernalia found there. All the evidence established that the defendant had control of the premises. We held this evidence sufficient to show that the defendant had both the power and the intent to control the disposition and use of the cocaine, thus warranting an inference of constructive possession. *See id.* at 638, 379 S.E.2d at 440.

However, the defendant in *Rosario* never raised the defense of impossibility, which is now squarely before us. Our review of the record convinces us that the doctrine of constructive possession does not apply to the case at bar. There is no evidence as to the actual source of the drugs. Although defendant may well have had the requisite intent, there is no evidence he ever had the capability to exercise dominion and control over the original package. Therefore, he never had constructive possession of the trafficking amount of marijuana. An appropriate charge under such circumstances would be an attempt, pursuant to N.C. Gen. Stat. § 90-98 (1999). *See, e.g., U.S. v. Jackson,* 55 F.3d 1219 (6th Cir. 1995); *People v. Echols,* 668 N.E.2d 35 (Ill. App. Ct. 1996).

## II.

**[2]** Defendant next contends the trial court erred in failing to dismiss the charge of conspiracy to traffic in marijuana at the close of the State's evidence and at the close of all the evidence. "A criminal conspiracy is an agreement, express or implied, between two or more persons to do an unlawful act or to do a lawful act by unlawful means." *State v. Burmeister,* 131 N.C. App. 190, 199, 506 S.E.2d 278, 283 (1998) (citation omitted). "Direct proof of conspiracy is rarely available, so the crime must generally be proved by circumstantial evidence." *State v. Aleem,* 49 N.C. App. 359, 363, 271 S.E.2d 575, 578 (1980) (citation omitted). A conspiracy "may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." *State v. Whiteside,* 204 N.C. 710, 712, 169 S.E. 711, 712 (1933) (citation omitted).

The evidence established that defendant and Mr. Junne waited together in the area of the false address to take possession of a package bearing no return address. Defendant left his car and watched Officer Sanders' first attempt to make a delivery, although he did not ask for the package. At each of the next two stops, defendant main-

tained proximity to the UPS truck, turning his car around so he could park nearby. At both of these stops, Mr. Junne emerged from the car to approach Officer Sanders. Defendant and Mr. Junne exhibited approach-avoidance behavior consistent with a desire to obtain the package coupled with knowledge that taking possession could be dangerous. This evidence is sufficient to establish that defendant and Mr. Junne conspired to traffic in excess of ten pounds of marijuana. As we said in *Rosario*, "We note that, even if the package contained no drugs, its delivery would still constitute evidence to support the charges of conspiracy . . . ." *Rosario*, 93 N.C. App. at 633, 379 S.E.2d at 437-48; *see also State v. Kelly*, 120 N.C. App. 821, 463 S.E.2d 812 (1995) (holding that where police intercepted Federal Express package containing cocaine, substituted dummy package, and delivered package to the two defendants, indictment for conspiracy to traffic cocaine by possession appropriate; new trial granted because of improper jury instruction).

Defendant argues there is no proof that a conspiracy existed to possess ten pounds of marijuana. Although there is no direct evidence of an agreement between defendant and Mr. Junne, reasonable inferences from the circumstantial evidence support the conviction. Someone shipped defendant and Mr. Junne a television in which twelve and one-half pounds of marijuana had been carefully concealed. Defendant's actions showed an understanding of the nature of the contents of the package. Viewed in the light most favorable to the State, there was sufficient evidence to convict defendant of conspiracy to traffic marijuana. *See State v. Worthington*, 84 N.C. App. 150, 352 S.E.2d 695 (1987). This assignment of error is overruled.

[3] Defendant's conviction of trafficking in marijuana by possession is reversed. "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." N.C. Gen. Stat. § 15-170 (1999). Although the wording of this statute indicates that an attempt is not automatically a lesser-included offense of the crime charged, our courts frequently have recognized through holding or dicta that an attempt may be a lesser-included offense. *See, e.g., State v. Kirkpatrick*, 343 N.C. 285, 470 S.E.2d 54 (1996) (interpreting *State v. Hare*, 243 N.C. 262, 90 S.E.2d 550 (1955) and stating that attempted robbery is a lesser-included offense of robbery); *State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993) (holding that trial court erred in

**STATE v. CLARK**

[137 N.C. App. 90 (2000)]

failing to instruct on attempted murder, a lesser-included offense of first-degree murder); *State v. Shaw*, 305 N.C. 327, 289 S.E.2d 325 (1982) (stating that attempted arson is a lesser-included offense of arson); *State v. Watts*, 76 N.C. App. 656, 334 S.E.2d 68 (1985) (affirming trial court's failure to submit the lesser-included offense of attempted burglary in a burglary trial). As a general rule, a conviction of attempt carries a lesser penalty than a conviction of the underlying crime. *See* N.C. Gen. Stat. § 14-2.5 (1999). This general rule does not necessarily hold true for controlled substance offenses. While a conviction of conspiring to traffic in marijuana by possession is subject to mandatory minimum sentencing provisions, *see* N.C. Gen. Stat. § 90-95(i), an attempt to traffic in marijuana by possession, though the same class offense as a completed trafficking crime, *see* N.C. Gen. Stat. § 90-98 (1999), is subject only to the sentencing guidelines. *See* Robert L. Farb, *Supplement to North Carolina Crimes: A Guiudebook on the Elements of Crime* 59 (4th ed. 1998). The penalty for conviction of attempting to traffic in marijuana by possession under certain circumstances may be the same as the penalty for trafficking. *See* N.C. Gen. Stat. § 15A-1340.17(c) (1999); N.C. Gen. Stat. § 90-95(h)(1)(a). Our Supreme Court has held that a lesser-included offense need not have a lesser penalty than the greater offense. *See State v. Young*, 305 N.C. 391, 289 S.E.2d 374 (1982). Accordingly, we hold that attempt to traffic in marijuana by possession is a lesser-included offense of trafficking in marijuana by possession.

By finding defendant guilty of trafficking in marijuana by possession, the jury necessarily found defendant guilty of attempted trafficking. *See* N.C. Gen. Stat. § 15-170; *State v. Suggs*, 117 N.C. App. 654, 453 S.E.2d 211 (1995). It is not required that defendant be indicted for attempt or that the attempt charge be submitted to the jury. *See State v. Jolly*, 297 N.C. 121, 254 S.E.2d 1 (1979). Therefore, upon remand the trial court shall enter judgment upon a conviction of attempt to traffic in marijuana by possession. *See State v. Barnes*, 121 N.C. App. 503, 466 S.E.2d 294, *aff'd*, 345 N.C. 146, 478 S.E.2d 188 (1996).

98 CrS 54752—Reversed and remanded with instructions.

98 CrS 54743—No error.

Judges GREENE and LEWIS concur.