IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 23-977

Filed 4 June 2024

Randolph County, No. 19 CRS 55233

STATE OF NORTH CAROLINA

v.

TERRENCE MERRILL MCNEIL

Appeal by Defendant from judgment entered 23 February 2023 by Judge James P. Hill, Jr. in Randolph County Criminal Superior Court. Heard in the Court of Appeals 9 April 2024 in session at Elon University School of Law in the City of Greensboro pursuant to N.C. Gen. Stat. § 7A-19(a).

*Attorney General Joshua H. Stein, by Assistant Attorney General Nicholas Sorensen, for the State.*

*Richard J. Costanza, for the Defendant.*

WOOD, Judge.

Terrence Merrill McNeil appeals from a conviction finding him guilty of trafficking methamphetamine by possession, with a mandatory minimum sentence of 225 to 282 months of imprisonment and a $250,000.00 fine. For the reasons stated below, we affirm the trial court's judgment.

## I.    Factual and Procedural Background

On 9 October 2019, Detective Mendez, employed by the Asheboro Police

Department and assigned to the vice narcotics unit, was contacted by the Department of Homeland Security concerning a package. The package had been intercepted in Tennessee where it tested positive for liquid methamphetamine. It originated from Mexico with a final delivery to "Guadalupe Zamora"[1] at 338 Rich Avenue, Asheboro, North Carolina. Upon receiving this information, Detective Mendez and other officers developed a plan to execute a controlled delivery of the package to the named address.

Detective Conner, an officer from the same unit as Detective Mendez, was assigned to complete the delivery on 11 October 2019. Other units and agencies were tasked with additional surveillance of the delivery. On that day, Detective Conner posed as a Fed-Ex employee and wore a device that was equipped with audio, video, and GPS capabilities. At approximately 11:00 a.m., Detective Conner delivered the package to a man he did not recognize, later identified as Cornelius Armstrong. Detective Conner informed Detective Mendez that after the package was accepted and taken inside, he left the house.

Shortly thereafter, Detective Mendez and other officers proceeded to the house to execute the search warrant. Upon entering the house, the officers observed the package on the floor near the front door and several people throughout the home, including Bruce Isley, Melissa Cassidy, her bedridden husband, Glenwood Cassidy,

---

[1] No individual named "Guadalupe Zamora" was found during the investigation. Detective Mendez testified the name was likely fake.

and two nurses. While Lieutenant Hill spoke with Mrs. Cassidy about the package and the intended recipient, she received a phone call from "Terrence" (hereinafter "Defendant"). Suspicious of the call, Lieutenant Hill told Mrs. Cassidy to call Defendant and question him about the package. During the call Mrs. Cassidy informed Defendant that his package had arrived. Defendant asked if it was from Fed-Ex; when she responded that it was, he told Mrs. Cassidy he was coming to the house to get the package. When asked about the name on the package, Defendant said it was the name of the person who sent the package. At trial, Mrs. Cassidy testified that she knew Defendant because he dated her niece and frequently spent time at her home. Additionally, she testified that while speaking with Defendant on 10 October 2019, he had asked her if he could have a hoodie delivered to the house for his son.

Defendant arrived at the home, opened the front door, and was immediately arrested and taken to the police station. The seized package was sent to the State Crime Lab, which confirmed the positive results from the initial test and identified approximately 2,814 grams of methamphetamine. Subsequently, on 11 October 2019 and 12 October 2019, two more packages arrived at the same house and were addressed to "McNeil." Both packages were sent from California and contained bags of marijuana.

Before trial, Defendant plead guilty to two counts of conspiracy to sell and deliver marijuana for the two packages delivered after the 11 October package

containing methamphetamine. The respective guilty plea transcript was admitted into evidence. Following the close of the State's evidence, Defendant moved to dismiss the charges of trafficking methamphetamine by transportation and trafficking methamphetamine by possession for insufficient evidence. The trial court granted the motion to dismiss the charge of trafficking by transportation but denied the charge of trafficking by possession, thereby allowing it to reach the jury.

At the charge conference, both parties agreed to the proposed jury instructions, which included instructions on trafficking in methamphetamine by possession and the doctrines of actual and constructive possession of a controlled substance. The instructions were submitted to the jury without objection. Ultimately, the jury returned a verdict finding Defendant guilty of trafficking methamphetamine by possession. The trial court sentenced Defendant to the mandatory minimum sentence of 225 to 282 months in prison and imposed a $250,000.00 fine. Defendant, through counsel, gave oral notice of appeal.

## II. Discussion

Defendant presents two issues on appeal. He argues (1) the trial court erred in denying his motion to dismiss the charge of trafficking in methamphetamine by possession, and (2) the jury should have received an instruction on the lesser-included offense of attempted trafficking in methamphetamine by possession. We address each argument in turn.

### A. Motion to Dismiss

Defendant first argues the trial court erred when it denied Defendant's motion to dismiss the charge of trafficking in methamphetamine by possession because the State failed to present evidence that Defendant possessed or exercised dominion over the 11 October 2019 package. On appeal, the trial court's denial of a motion to dismiss for insufficient evidence is reviewed *de novo. State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citations omitted). This Court is tasked with determining whether "there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Watkins*, 247 N.C. App. 391, 394, 785 S.E.2d 175, 177 (2016) (citation omitted). "Evidence must be viewed in the light most favorable to the State with every reasonable inference drawn in the State's favor." *Id.*

Defendant was convicted for trafficking in methamphetamine under N.C. Gen. Stat. § 90-95(h)(3b), which applies to "any person who sells, manufactures, delivers, transports, or possesses 28 grams or more of methamphetamine." The State concedes, and the trial court recognized that Defendant never touched the package. Thus, the question turns to whether Defendant had constructive, rather than actual

possession of the package.

Constructive possession occurs when a defendant has "the intent and capability to maintain control and dominion over [the contraband]." *State v. Miller*, 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009) (citation omitted). "As the terms 'intent' and 'capability' suggest, constructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the question will be for the jury." *State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986) (citations omitted). Constructive possession is a fact-specific analysis and often turns on a "defendant's proximity to the contraband" and "indicia of the defendant's control over the place where the contraband is found." *Miller*, 363 N.C. at 99-100, 678 S.E.2d at 594-595. If a defendant lacks exclusive possession over the location where the contraband is found, the State "must show other incriminating circumstances before constructive possession may be inferred." *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 271 (2001) (citations omitted).

Here, the package was flagged in Tennessee and thereafter maintained by law enforcement officers until delivery to the Cassidys' home. Following delivery, the package was placed on the floor inside the home. Defendant was arrested immediately after he entered the home to retrieve the package but did not physically touch the package. Defendant does not dispute his intent to control the package; instead, he argues, "it was a practical impossibility . . . to exercise dominion and control over the package."

Defendant analogizes the facts of this case to *State v. Clark*, 137 N.C. App. 90, 527 S.E.2d 319 (2000), to support his contention of impossibility. In *Clark*, the police intercepted a package containing marijuana, removed a substantial amount of the marijuana from the package, and conducted a controlled delivery. *Id.* at 93, 527 S.E.2d at 321. This Court found that because the amount removed by police rendered the delivered quantity insufficient to support a conviction for trafficking, "the actions of the police made it impossible for [the defendant] to actually possess the quantity of marijuana required," and there was insufficient evidence that the defendant "ever had the capability to exercise dominion and control over the original package." *Id.* at 93, 95, 527 S.E.2d at 321-322. Similarly, Defendant argues that he did not have the power or capability to control the package or its contents because he was immediately arrested after walking through the door. The power to control the package is measured by possession of the contraband, not when it is shipped by a carrier.

The State argues *Clark* is distinguishable from the present case as the holding in *Clark* focused on the quantity element of the trafficking charge. The State contends there was sufficient incriminating evidence to show that Defendant had the requisite capability to exercise control over the package. The State acknowledges Defendant did not have exclusive control over the house but argues that Defendant exercised control by directing multiple shipments to the house, his ability to quickly drive over and pick-up the packages, and his proximity to the methamphetamine in the package.

Similarly, as in *Clark*, it is appropriate to assess the individual's power to control the contraband, not upon shipment, but upon controlled delivery of the package. However, unlike *Clark*, our focus is not upon the quantity of methamphetamine in the package, as that is not in dispute. As noted above, the relevant analysis focuses on Defendant's proximity to the package and evidence of Defendant's control over the place where the contraband was found, which was the Cassidys' home. *Miller*, 363 N.C. at 100, 678 S.E.2d at 595. Further, we must consider the surrounding incriminating circumstances, including evidence which places the defendant "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession." *State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984) (citations omitted).

In the present case, we acknowledge Defendant did not have exclusive possession of the place where the package was found. Defendant frequently visited the Cassidys' home, but it was not his permanent residence. However, since "possession of the property where the drugs are located, either exclusive or nonexclusive, is not . . . the sole method of showing constructive possession[,]" we must examine whether Defendant was within close juxtaposition to the contraband, along with other incriminating evidence. *State v. Bowens*, 140 N.C. App. 217, 223, 535 S.E.2d 870, 874 (2000) (citations omitted).

The only evidence of Defendant's proximity to the package of methamphetamine was the distance between him and the package after he walked

through the front door. However, the State offered evidence of several incriminating circumstances. Defendant called Mrs. Cassidy the day prior to the controlled delivery asking if he could have a package delivered to her home. On the day of delivery, during his phone conversation with Mrs. Cassidy, Defendant asked if his package was from Fed-Ex. When asked about "Guadalupe Zamora," Defendant stated that it was the person who sent him the package, which confirmed Defendant was inquiring about that specific package; Defendant immediately came to the house to retrieve the package upon delivery confirmation; Defendant had three packages, all containing contraband, delivered to the Cassidy residence.

Based on these facts, we are unpersuaded by Defendant's contention that he did not have the opportunity to exercise control over the package because he was arrested prior to making physical contact with the package. Defendant was within close juxtaposition to the seized package; had knowledge about the details of the delivery, including the carrier service and name on the package; arrived at the house as soon as he learned it had been delivered; and had subsequent packages containing contraband sent to the house. These circumstances were sufficient for the jury to infer that Defendant had the requisite control over the package and therefore, had constructive possession. Accordingly, we find no error in the trial court's denial of Defendant's motion to dismiss.

**B. Jury Instructions**

Defendant next contends the trial court erred when it failed to instruct the jury

on the lesser-included offense of attempted trafficking in methamphetamine by possession. Defendant concedes he did not request this instruction at the trial court; therefore, our standard of review is plain error. N.C. R. App. P. 10(a)(4).

The standard under plain error is "applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error." *State v. Lawrence*, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) (citations omitted). "To show plain error, [a] defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Garcell*, 363 N.C. 10, 35, 678 S.E.2d 618, 634 (2009) (citation and quotation marks omitted). "The trial judge must charge on a lesser included offense if: (1) the evidence is equivocal on an element of the greater offense so that the jury could reasonably find either the existence or the nonexistence of this element; and (2) absent this element only a conviction of the lesser included offense would be justified." *State v. White*, 142 N.C. App. 201, 205, 542 S.E.2d 265, 268 (2001) (citation omitted). In other words, the lesser included offense instruction is appropriate when "the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002) (citations omitted).

Defendant contends "while [he] may have intended to possess the package of methamphetamine, he never did." As a result, without the element of possession, a jury could have found him guilty of an attempt, short of the completed offense.

- 10 -

However, "an attempt charge is not required if the State's evidence tends to show completion of the offense" and "there is no conflicting evidence relating to the elements of the crime charged." *State v. Broome*, 136 N.C. App. 82, 88, 523 S.E.2d 448, 453 (1999) (citations omitted).

Here, the State presented sufficient, uncontradicted evidence to allow the jury to conclude that Defendant had constructive possession of the package. Based on the analysis set forth above, we hold that an attempt instruction was not required as the offense was complete when Defendant arrived at the house and walked through the door. Since all of the elements under N.C. Gen. Stat. § 90-95(h)(3b)(c) are met, and the offense of trafficking by possession was complete, the trial court did not commit plain error by failing to instruct on the lesser included instruction.

## III.    Conclusion

When viewed in the light most favorable to the State, the evidence presented at trial was sufficient for the jury to infer that Defendant constructively possessed methamphetamine. The trial court did not err in its denial of Defendant's motion to dismiss. Additionally, the trial court did not err when it failed to instruct the jury on the lesser-included offense of attempted trafficking by possession. Accordingly, we hold Defendant received a fair trial free from error.

NO ERROR.

Judges GRIFFIN and FLOOD concur.