STATE OF NORTH CAROLINA v. TERESA LYNN SHOOK

No. COA01-1582

(Filed 31 December 2002)

**1. Drugs— trafficking in cocaine—weight—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of trafficking in cocaine even though defendant contends there was insufficient evidence of the weight element, because: (1) the State offered evidence of the actual measured weight of the substances as well as the testimony of a detective to assist the jury in determining which item tested corresponded with each item seized from defendant; and (2) a reasonable jury in considering this evidence would find that defendant possessed and transported 28 grams or more of cocaine.

**2. Drugs— attempted trafficking in cocaine—weight—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of attempted trafficking in cocaine even though defendant contends there was insufficient evidence of the weight element, because: (1) defendant accepted an undercover detective's order for one ounce of cocaine and then possessed, transported, sold, and delivered cocaine to fill this order; (2) the sole reason that defendant did not deliver the requisite amount was that defendant shorted the detective and procured less than the one ounce purchased; and (3) the evidence provided by a detective and the laboratory report are sufficient for a rea-

sonable jury to conclude that the cocaine procured was 27.1 grams, less than the 28 grams required for a completed trafficking offense.

### 3. Drugs— jury instructions—no plain error

The trial court did not commit plain error in a trafficking in cocaine, attempted trafficking in cocaine, and possession with intent to manufacture, sell and deliver marijuana case by its jury instructions, because there is no support for the conclusion that the jury would probably have reached a different verdict had the instructions been given differently.

Appeal by defendant from judgment entered 20 April 2000 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 19 September 2002.

*Attorney General Roy Cooper, by Assistant Attorney General John F. Oates, Jr., for the State.*

*Osborn & Tyndall, P.L.L.C., by Amos Granger Tyndall, for defendant-appellant.*

CAMPBELL, Judge.

Defendant was indicted by the Forsyth County Grand Jury on 2 August 1999 for six counts of trafficking in cocaine and one count of possession with intent to manufacture, sell and deliver marijuana. Defendant was tried by a jury at the 17 April 2000 session of the Forsyth County Superior Court, Judge William H. Freeman ("Judge Freeman") presiding. On 20 April 2000, the jury returned verdicts finding the defendant guilty of two counts of trafficking in cocaine, four counts of attempting to traffic in cocaine and one count of possession with intent to manufacture, sell or deliver marijuana. Judge Freeman sentenced the defendant to 48 to 58 months in prison. Defendant appeals.

On 4 May 1999 Brian Barr ("Barr"), a police informant, arranged a drug deal between defendant and Detectives Travis Shelton ("Detective Shelton") and P.K. Hamby ("Detective Hamby"), undercover officers with the Vice and Narcotics Division of the Forsyth County Sheriff's Department. Barr contacted defendant, picked her up, and drove her to meet Detective Hamby at a local McDonald's restaurant. Defendant offered to obtain a small amount of cocaine from her supplier for demonstration purposes. Defendant then drove

Barr's car to the North Hills Townhouses while Barr and Detective Hamby drove to the Cue 'N Spirits to meet defendant. Defendant met Detective Hamby at the Cue 'N Spirits and offered to sell one ounce[1] of cocaine for $1,000.00. Detective Hamby gave defendant $1,000.00, and defendant returned to the townhouses and then back to Detective Hamby purportedly with one ounce of cocaine.

Defendant then informed Detective Hamby that her supplier had four more ounces of cocaine for sale as well as some marijuana. Detective Hamby gave defendant an additional $1,000.00 and asked her to bring back as much cocaine as was for sale, noting that he would pay the remaining money upon delivery. Defendant returned to the townhouses and then returned to the Cue 'N Spirits with the drugs for sale, accompanied by Juan Flores ("Flores"). Defendant arranged to meet Detective Hamby at the McDonald's to complete the transaction.

As defendant began to drive to the McDonald's, Lieutenant Marc Fetter ("Lieutenant Fetter") stopped the car. Detective Shelton also arrived to assist in the search. During the search the police found two plastic baggies of cocaine on the front seat, approximately one ounce of cocaine and drug paraphernalia in defendant's purse, and a large black trash bag of marijuana on the back seat. Detective Shelton gathered the evidence and weighed it using portable scales. The evidence was then sent to the toxicology laboratory at Reynolds Health Center for analysis.

Defendant asserts the trial court erred by denying defendant's motion to dismiss the charges of trafficking in cocaine and attempting to traffic in cocaine due to insufficient evidence and by failing to clearly instruct the jury.

## I. Motion to Dismiss for Insufficient Evidence

The question for this Court is "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is that which a reasonable juror would consider sufficient to support a conclusion that each essential element of the crime exists." *State v. Baldwin*, 141 N.C. App. 596, 604, 540 S.E.2d 815, 821 (2000). "In reviewing challenges to the sufficiency of evidence, the evidence

---

1. The Court takes judicial notice that an ounce is equal to 28.350 grams. The American Heritage College Dictionary 844 (3d ed. 1997).

must be viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Payne*, 149 N.C. App. 421, 424, 561 S.E.2d 507, 509 (2002).

"Any person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . shall be guilty of a felony . . . known as 'trafficking in cocaine.' " N.C. Gen. Stat. § 90-95(h)(3) (2001). "Sale, manufacture, delivery, transportation, and possession of 28 grams or more of cocaine as defined under N.C.G.S. § 90-95(h)(3) are separate trafficking offenses for which a defendant may be separately convicted and punished." *State v. Garcia*, 111 N.C. App. 636, 641, 433 S.E.2d 187, 190 (1993).

[1] Defendant asserts the State failed to provide sufficient evidence of the weight element for the offenses of trafficking in cocaine and attempted trafficking in cocaine. To meet its burden, the State "must either offer evidence of its actual, measured weight or demonstrate that the quantity of [the controlled substance] itself is so large as to permit a reasonable inference that its weight satisfied this element." *State v. Mitchell*, 336 N.C. 22, 28, 442 S.E.2d 24, 27 (1994). However, "[t]here is nothing in the statute which requires the 28 grams to be in one container." *State v. King*, 99 N.C. App. 283, 290, 393 S.E.2d 152, 156 (1990).

Regarding the charges of trafficking in cocaine, the burden is on the State to prove the defendant possessed and transported 28 grams or more of cocaine. The State offered evidence of the actual, measured weight of the substances as well as the testimony of Detective Shelton to assist the jury in determining which item tested corresponded with each item seized from defendant. The laboratory report noted the controlled substances found as follows:

Item #1: Cocaine (acid form) in two (2) bags, weighing a total of 54.1 grams.

Item #2: Marijuana in five (5) bags, weighing a total of 2,218.2 grams (4.8 pounds).

Item #3: Cocaine (acid form), weighing 27.1 grams.

Item #5: a. Cocaine (acid form), weighing 27.1 grams.

b. Cocaine (acid form), weighing 0.7 grams.

c. Cocaine (base form), commonly known as crack cocaine, weighing 0.1 grams.

Detective Shelton testified that he found two plastic baggies of a white powder on the front seat of the car, which he weighed at the scene and placed in a brown evidence bag. He measured the total weight as approximately 57 grams. Detective Shelton then testified he found a large black trash bag in the back seat containing five freezer bags of marijuana. Detective Shelton next testified he received the original nearly 28 grams of cocaine from Detective Hamby. Finally Detective Shelton testified he searched defendant's purse and found two plastic baggies containing cocaine and a matchbox containing crack. Defendant asserts that because the lab report does not denote specifically where each substance was seized from defendant there is insufficient evidence of the quantity of the substance for each charge.

Taking the evidence in the light most favorable to the State, the State has proven that the first two baggies of cocaine Detective Shelton found on the front seat of the car are Item #1, the marijuana found on the back seat is Item #2, the approximately one ounce from the sale to Detective Hamby is Item #3, and the baggies of cocaine and matchbox of crack from defendant's purse are Items #5a-c. A reasonable jury in considering this evidence could find that defendant possessed and transported 28 grams or more of cocaine and therefore is guilty of one count of trafficking in cocaine by possession and one count of trafficking in cocaine by transportation. Therefore the trial court did not err in denying defendant's motion to dismiss.

[2] Defendant next asserts that the trial court erred in failing to grant defendant's motion to dismiss for insufficient evidence to support the four charges of attempted trafficking in cocaine. "[A]ny person who attempts or conspires to commit any offense defined in this Article is guilty of an offense that is the same class as the offense which was the object of the attempt." N.C. Gen. Stat. § 90-98 (2001). There must be substantial evidence that the defendant intended to traffic in cocaine and performed an overt act, beyond mere preparation, towards committing the crime. *State v. Gray*, 58 N.C. App. 102, 106, 293 S.E.2d 274, 277 (1982).

Defendant again asserts the State failed to provide sufficient evidence of the weight element of the charge. The four convictions are based upon defendant's procurement of the original one ounce of cocaine which defendant sold to Detective Hamby for $1,000.00. Taking the evidence in the light most favorable to the State, defendant accepted Detective Hamby's order for one ounce of cocaine, and then possessed, transported, sold and delivered cocaine to fill this

order. The sole reason that defendant did not deliver the requisite amount was that the defendant shorted Detective Hamby and procured less than the one ounce (28.350 grams) purchased. As with the charges for trafficking in cocaine, the evidence provided by Detective Shelton and the laboratory report are sufficient for a reasonable jury to conclude that the cocaine from the first transaction is listed as Item #3, and the amount of cocaine procured was 27.1 grams, less than the 28 grams required for a completed trafficking offense. Moreover, the evidence regarding the order and sale of purportedly one ounce (28.350 grams) of cocaine to Detective Hamby supports a reasonable jury finding that defendant was attempting to possess, transport, deliver, and sell at least 28 grams of cocaine.

Finally, defendant asserts that since the amount of cocaine was not proven to be at least 28 grams, and therefore it was impossible for defendant to have committed the trafficking offense, defendant could not have attempted to commit that offense. Defendant is incorrect. Had defendant procured the agreed upon quantity, then defendant would have completed the crime of trafficking. The sole reason defendant did not traffic in cocaine is that the quantity was less than the agreed upon one ounce. This Court has recently held that where a defendant attempts to possess, transport, sell or deliver a quantity of drugs sufficient for a trafficking offense but fails to do so because the drugs did not weigh the requisite amount and therefore the defendant did not have constructive possession of the necessary quantity, an appropriate charge is attempted trafficking of the controlled substance. *State v. Clark*, 137 N.C. App. 90, 95, 527 S.E.2d 319, 322 (2000). Therefore attempted trafficking is the appropriate charge for this defendant who did not have possession of the requisite amount, but clearly intended and attempted to traffic cocaine.

## II. Error in Jury Instructions

[3] Defendant asserts the trial court erred in its jury instructions. "A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto . . . stating distinctly that to which he objects and the grounds of his objection." N.C. R. App. P 10(b)(2) (2001). Judge Freeman specifically asked the attoryneys, "Do you have any objections? Do either one of you want to put any objections on the record?" Defendant's attorney replied "No sir." In a criminal case, however, "a question not preserved by objection noted at trial . . . nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to be plain error." N.C. R. App. P. 10(c)(4) (2001).

Though not properly asserted in the assignments of error, defendant, in her brief, contends the errors asserted constitute plain error.

Plain error is error " 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Parker*, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999) (quoting *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987). *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000). "It is indeed the rare case when a criminal conviction will be reversed on the basis of an improper instruction where the defendant made no objection." *State v. Gainey*, 355 N.C. 73, 106-07, 558 S.E.2d 463, 484, *cert. denied*,—— U.S. ——, 123 S. Ct. 182, —— L. Ed. 2d —— (2002). "In order to prevail under a plain error analysis, a defendant must show: (1) there was error; and (2) without this error, the jury would probably have reached a different verdict." *State v. Hamilton*, 150 N.C. App. 558, 565, 563 S.E.2d 292, 296 (2002). This Court has reviewed defendant's assertions of error and finds there is no support for the conclusion that the jury would probably have reached a different verdict had the instructions been given differently, therefore we overrule these assignments of error.

No error.

Judges TIMMONS-GOODSON and HUDSON concur.