STATE OF NORTH CAROLINA
v.
JAMES MADISON HARLEY
No. COA08-60
Court of Appeals of North Carolina.
Filed November 4, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Pitman, for the State.
Paul M. Green, for defendant-appellant.
CALABRIA, Judge.
James Madison Harley ("defendant") appeals the judgment entered upon a jury verdict finding him guilty of trafficking in cocaine by possession of more than 28 grams. We find no error.
On 16 December 2004 officers with the Rowan County Sheriff's Department executed a search warrant at the home of the defendant. The officers found three coolers in the master bedroom closet. Two coolers contained marijuana. The third cooler contained two bags of partially compressed white powder. Sergeant Gene Smitley ("Sergeant Smitley"), a narcotics detective, believed the contents to be cocaine, based on his specialized training. Prior to sending the contents to the lab for analysis Sergeant Smitley combined the contents of both bags into a single bag. The State Bureau of Investigation ("SBI") laboratory determined the weight of the white powder was 48.9 grams. Chemical analysis determined that the powder contained cocaine.
On 5 April 2007, in Rowan County Superior Court, the jury returned a verdict finding the defendant guilty of, inter alia, trafficking in cocaine by possession of more than 28 grams, and possession of cocaine with intent to manufacture, sell, and deliver. During sentencing, the prosecutor produced a document purporting to show that defendant had served seven years for an equivalent offense in South Carolina, and that he had been released from prison in 2000. Although this claim was disputed, an unidentified, unsworn man was permitted to address the court and indicated that the document was correct. Defendant produced evidence indicating he had been employed in North Carolina since January 1998, but did not produce any evidence at trial showing the length of time he had been incarcerated. The Honorable Judge Susan C. Taylor ("Judge Taylor") sentenced defendant to a term of a minimum of 35 to a maximum of 42 months in the North Carolina Department of Correction for the charge of trafficking in cocaine and a minimum term of 8 to a maximum term of 10 months on the possession charge. The sentences were to be served consecutively. Defendant appeals.

I. Sufficiency of the Evidence
The defendant contends that the trial court erred by denying his motion to dismiss the charge of trafficking in cocaine on the grounds that the State's investigators commingled two untested items of evidence and used the combined weight to establish the trafficking amount. We disagree.
In State v. Teasley, 82 N.C. App. 150, 346 S.E.2d 227 (1986), this Court was presented with nearly identical facts as those before us. In Teasley, law enforcement found a bag of a white powder believed to be cocaine. On a table, twelve to eighteen inches away, the officer found about two grams of powder also believed to be cocaine. No field tests were performed. The officer added the powder on the table to the larger bag. An SBI chemist testified that the mixture was 5-65% cocaine and acknowledged that his testing could not determine conclusively that both the large bag of powder and the powder on the table contained cocaine prior to the mixture. The defendant argued that the larger amount could have been a non-controlled substance.
The Teasley Court held:
[w]hile we do not commend such a practice by law enforcement officers, and while defendant's arguments are not without substance, we believe that pursuant to Hayes and its progeny our Supreme Court would hold that on the evidence presented it was for the jury to decide whether defendant possessed a mixture of cocaine weighing more than 200 grams but less than 400 grams.
Teasley, 82 N.C. App. at 162-63, 346 S.E.2d at 234.
In State v. Hayes, 291 N.C. 293, 230 S.E.2d 146 (1976), as summarized in State v. Anderson, 76 N.C. App. 434, 333 S.E.2d 762 (1985),
the chemist visually examined nineteen envelopes of vegetable matter seized from the defendant and determined that the contents were the same. He then examined chemically and microscopically the contents of five of the envelopes selected at random and identified the contents as marijuana. The court found that there was sufficient evidence to go to the jury on the question of whether all the envelopes contained marijuana.
Anderson at 76 N.C. App. at 437, 333 S.E.2d at 764 (internal quotation omitted).
"[I]f there is any evidence . . . that reasonably supports a logical and legitimate deduction as to the existence of that fact and does not merely raise a suspicion or conjecture regarding it, then it is proper to submit the case to the jury." State v. Mitchell, 336 N.C. 22, 27, 442 S.E.2d 24, 27 (1994) (holding that visual inspection of marijuana by jurors is not sufficient to support a finding on the element of weight as jurors are not familiar with the weight of small amounts of dried vegetable product).
In the instant case the combined weight of the two bags was 48.9 grams. Defendant correctly argues that one of the bags must have weighed less than the 28 gram trafficking amount. Therefore, since one bag could have been a non-controlled substance prior to the mixture and testing, defendant argues that the State failed to present sufficient evidence that he possessed a cocaine mixture weighing in excess of 28 grams as required by N.C. Gen. Stat. § 90-95(h)(3) since all of the cocaine could have been in the smaller bag. Upon inspection in the field Sergeant Smitley believed both bags contained cocaine. The SBI chemist performed tests that determined the mixture was, in fact, cocaine. The evidence in this case was sufficient to support a logical and legitimate deductionas to the weight of the cocaine at issue. Although the SBI chemist would not state that the mixture was 100% pure cocaine, she did indicate that the presence of cutting agents would typically affect her results and illustrated on her results where the graphs would be different if cutting agents were present.
Judge Taylor instructed the jury as follows:
If you find from the evidence beyond a reasonable doubt that . . . the defendant knowingly possessed cocaine, and the amount which he possessed was 28 to 199 grams, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
The jury was properly instructed on the application of the law to these facts.
Just as in Teasley, we hold it was for the jury to decide from the evidence whether defendant possessed the trafficking weight. The evidence presented as to the weight and contents of the two bags supports a logical and legitimate deduction as to the weight of the cocaine and the jury was properly instructed on the application of the law to the facts. The court did not err in denying defendant's motion to dismiss the trafficking charge.

II. Lesser Included Offense
The defendant next argues that there must be a new trial on the trafficking offense because the trial court failed to instruct the jury on the lesser included offense of attempted trafficking. We disagree. We review this under plain error review because defendant neither requested the instruction of attempted trafficking nor objected to the court's instructions. Plain error is an error that, in the context of the record as a whole, is so fundamental that without it the jury would have reached a different result. State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983). "[D]efendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Haselden, 357 N.C. 1, 13, 577 S.E.2d 594, 602 (2003).
The substantive offense of trafficking in cocaine is committed when a person "sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . or any mixture containing such substances . . . ." N.C. Gen. Stat. § 90-95(h)(3) (2007). Attempt may be charged where there is "an intent to commit the substantive offense and an overt act which goes beyond mere preparation but falls short of the completed offense." State v. Squires, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003).
There are only two reported North Carolina appellate cases that address the attempted trafficking charge. In State v. Shook, 155 N.C. App. 183, 573 S.E.2d 249 (2002), the defendant was convicted of attempted trafficking by possession of more then 28 grams. An undercover police officer ordered one ounce of cocaine from defendant. Defendant returned with what she stated was one ounce of cocaine. Subsequent to defendant's arrest the cocaine was weighed and the weight was 27.1 grams. An ounce is equivalent to 28.350 grams. Because the defendant stated she was delivering an ounce, a quantity more than the 28 gram trafficking amount, defendant's conviction of attempted trafficking was affirmed. Id. at 187, 573 S.E.2d at 252.
In State v. Clark, 137 N.C. App. 90, 527 S.E.2d 319 (2000), police intercepted a mail package that contained 12.5 pounds of marijuana. The police removed all but 0.13 kilograms of the marijuana then delivered the package to the defendant. Upon accepting delivery of the package the defendant was arrested and later convicted of trafficking in marijuana by possession of more than 10 pounds. This Court reversed his conviction for trafficking by possession. The Court held that because the defendant never had possession of the trafficking amount he could not be convicted of trafficking by possession. But, because the defendant erroneously believed he had possession of the trafficking amount, the Court ordered the trial court, on remand, to enter judgment upon a conviction of attempting to traffic by possession. Id. at 97, 527 S.E.2d at 323.
Defendant argues that because the weight element of the trafficking offense was contested this mandates an instruction on attempted trafficking. This is incorrect. Attempted trafficking of cocaine by possession of more than 28 grams requires the defendant to take steps to possess more than 28 grams of cocaine but fail. Failure may be through inadvertence as in Shook, police intervention as in Clark, or by some other means not yet present in our case law. In the present case, attempted trafficking would require evidence tending to show that the amount of cocaine in question did not equal 28 grams, and that the defendant either believed the amount of cocaine he possessed was greater than 28 grams, or was taking substantive steps to possess more than 28 grams. Assuming arguendo that there was evidence that might suggest the amount of cocaine in question was below 28 grams, no evidence was offered to suggest that the defendant had the belief that the amount of cocaine did exceed 28 grams, or that he attempted to possess more than 28 grams. The defendant only argues that he did not, in fact, possess more than 28 grams. It is only "[w]hen there is evidence of guilt of a lesser offense, a defendant is entitled to have the trial court instruct the jury with respect to that lesser included offense . . . ." State v. Lang, 58 N.C. App. 117, 118, 293 S.E.2d 255, 256 (1982).
Because we find that an instruction for attempted trafficking was not proper, we necessarily find that defendant did not receive ineffective assistance of counsel due to trial counsel's failure to request the attempted trafficking charge. These arguments are without merit.

III. Sentencing
Defendant contends that during sentencing the trial court erred by relying on incompetent evidence. During the sentencing phase the prosecution presented what was purported to be defendant's criminal record from South Carolina. The document was a computer printout approximately twenty-five pages long. Nearly-twenty of the twenty-five pages concerned individuals with no relationship to the matter before the court. The document the prosecutor used to support the claim that defendant had been convicted of two prior felonies only indicated that defendant had been convicted of one felony, possession with intent to distribute. In the margin there was a handwritten notation that stated: "Released 7-2000."
On the basis of the handwritten notation, the prosecutor claimed defendant had spent seven years incarcerated in South Carolina. Then based on the time defendant served for the South Carolina conviction, the prosecutor claimed North Carolina's trafficking offense was equivalent. Furthermore, the trial court allowed an unidentified and unsworn man to address the court to confirm that the defendant had been paroled in 2000. The defendant argued that he had been paroled in 1995, and presented letters indicating he had been employed in North Carolina since 1998.
Based on the evidence of defendant's prior criminal record, his prior record score was calculated as four points based on a prior class G felony conviction.[1] This placed defendant's prior record level at II. Correctly calculated, based on a prior class H felony conviction, defendant's prior record score would be two, which also would place defendant as a prior record level II. While we express concern at the hearsay and erroneous information presented at the sentencing hearing, this Court has made clear that an error calculating defendant's prior record score that does not result in an erroneous prior record level is harmless error. See State v. Bethea, 173 N.C. App. 43, 61, 617 S.E.2d 687, 698 (2005); State v. Allah, 168 N.C. App. 190, 195-96, 607 S.E.2d 311, 315 (2005); State v. Adams, 156 N.C. App. 318, 324, 576 S.E.2d 377, 381-82 (2003); State v. Smith, 139 N.C. App. 209, 219-20, 533 S.E.2d 518, 524 (2000).
No error.
Judges TYSON and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] The erroneous conviction asserted by the prosecution was not included on the record level worksheet because it was believed to have been entered on the same day as defendant's valid South Carolina conviction. If multiple convictions are obtained in the same court in the same week only the more serious conviction may be used when calculating prior record level points. N.C. Gen. Stat. § 15A-1340.14(d).